UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW ALLAM, SR., | : | **1:20-CV-00933** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| MCGINLEY, SUPERINTENDENT, | : | |
| SCI COAL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**
January 26, 2021

## I. Introduction.

The plaintiff, Andrew Allam, Sr., is a prisoner at the State Correctional Institution Coal Township ("SCI Coal Twp."). Allam has filed a complaint alleging that the staff at SCI Coal Twp. is failing to protect him.

After screening Allam's complaint, we conclude that it fails to state a claim upon which relief can be granted. We will, however, grant Allam leave to file an amended complaint.

## II. Background.

Allam commenced this action *pro se* on June 9, 2020 by filing a complaint. *Doc. 1.* Allam later "supplemented" his complaint on June 17, 2020. *Doc. 7.*

After Allam moved the court for leave to proceed *in forma pauperis*, Doc. 6, we granted his request.  Doc. 12.

On June 19, 2020, Allam requested that an additional defendant, a "Lieutenant Drucas," be added to this case.  According to Allam, Drucas is "a Security LT here at Coal."  Doc. 8.  The current roster of defendants on this case is: "McGinley, Superintendent, SCI Coal," as well as "Security, SCI Coal."  Doc. 1.

Allam alleges that his custody and confinement at SCI Coal Twp. is not safe. Per Allam, SCI Coal Twp. lacks a protective custody housing option.  Doc. 1 at 6. Allam alleges that the only option to ensure his safety at SCI Coal Twp. is for Allam to to "refuse to lock in and go to RHU [the Restrictive Housing Unit] with a class 1 write up."  Doc. 1 at 5.  Allam "fears for his safety because of his offenses"—Allam is a sex offender—and because of what he describes as "the prior gang incidents on E-block."  Doc. 1 at 5.

Allam requests that the Court order SCI Coal Twp. to enact a protective custody policy.  Doc. 1 at 6.  Allam also requests that the Court order his previous two Class 1 write ups to be vacated "because [he] had to refuse to lock in, in order to be safe."  Doc. 1 at 7.

## III. Discussion.

### A. The Complaint.

#### 1. Pleading Standards.

We review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal—
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim upon which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

In determining whether the complaint states a claim upon which relief may be granted under this section, we apply the standards used under Fed. R. Civ. P. 12(b)(6), which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." In this context, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the

complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept as true all well-pleaded factual allegations in

the complaint, and the court must draw all reasonable inferences from the facts alleged in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

5

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### 2. Allam has not alleged the personal involvement that is necessary for this Section 1983 claim.

To state a viable Section 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). Moreover, for a Section 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or

acts that the plaintiff claims violated his rights.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Chavarria v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

Individual liability can be imposed under 42 U.S.C. § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode*, 845 F.2d at 1207); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003).  The personal involvement of a defendant in a Section 1983 action may be shown "through allegations of personal direction or of actual knowledge and acquiescence."  *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 71 (3d Cir. 2011) (quoting *Rode*, 845 F.2d at 1207). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of "conduct, time, place, and persons responsible."  *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08.  Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement.  *Rode*, 845 F.2d at 1208.  Moreover, a defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."  *C.H. ex rel. Z.H. v. Olivia*, 226 F.3d 198, 201-02

(3d Cir. 2000).   Allegations that a supervisor "had constructive knowledge of a subordinate's unconstitutional conduct simply because of his role as a supervisor" do not suffice.   *Broadwater v. Fow*, 945 F.Supp.2d 574, 588 (M.D. Pa. 2013) (citing *C.H. ex rel. Z.H.*, 226 F.3d at 202).

   Here, Allam in his complaint fails to make any specific averments with respect to Superintendent McGinley.   Further, Allam makes allegations in his complaint concerning the actions (or lack thereof) of individual members of the SCI Coal Twp. security team.   *See, e.g.*, *Doc. 1 at 2-3* (describing Allam's conversations with different SCI Coal Twp. security personnel).   But Allam only lists "Security, SCI Coal," vaguely and broadly, as a defendant to his complaint. And in a Section 1983 lawsuit such as Allam's, "a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution."   *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added).   Allam has failed to plead the requisite personal involvement of the defendants listed in his complaint.

### 3. Beyond Allam's threshold Section 1983 pleading deficiencies, Allam has also not alleged the substance of a failure-to-protect claim.

"To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012).

With respect to the first prong, "[a] pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." *Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985). With respect to the second prong, "a prison official may not be held liable under the Eighth Amendment for denying an inmate adequate conditions of confinement unless 'the official knows of and disregards an excessive risk to inmate health or safety,' and 'the official [is] both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [ ] also draw[s] the inference.'" *Kornegey v. City of Philadelphia*, 299 F. Supp. 3d 675, 680 (E.D. Pa. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

9

Beyond general and conclusory assertions that he is not safe, Allam alleges four incidents, each of which Allam describes with some degree of vagueness. First, Allam alleges that on September 6, 2019, he "was threatened by several Spanish inmates that they would cut me & my [cell-mate] for snitching." *Doc. 1 at 2*. Second, Allam alleges that on December 31, 2019, he "was threatened when he got on [his cell] block." *Doc. 1 at 3*. Third, Allam alleges in mid-January 2020, after being placed in a different block, he "was threatened to be stabbed by an inmate in the dorm." *Doc. 1 at 3*. And fourth, Allam alleges that in May and June 2020, he was "again being threatened because of [his] offenses." *Doc. 1 at 4-5*.

Allam's failure-to-protect claim is deficient for two reasons. First, Allam's complaint combines allegations of "a single incident," *Riley*, 299 777 F.2d at 147, with other vague allegations that "merely articulate[] a generalized fear of harm," *Montanez v. Keller*, No. 3:CV-13-2564, 2015 WL 273199, at *5 (M.D. Pa. Jan. 20, 2015), *report and recommendation adopted*, No. 3:CV-13-2564, 2015 WL 3604058 (M.D. Pa. June 5, 2015). This combination of allegations does not suffice to plead that Allam's conditions of confinement pose a substantial risk of serious harm. Second, '[i]n most cases, threats between inmates will not 'serve to impute actual knowledge of a substantial risk of harm.'" *Albudairy v. Deiter*, No.

10

CV 4:07-0702, 2008 WL 11480561, at *3 (M.D. Pa. Apr. 18, 2008), *report and recommendation adopted sub nom. Albudiary v. Deiter*, No. 3:07-CV-0702, 2008 WL 11480817 (M.D. Pa. May 16, 2008), *aff'd sub nom. Albudairy v. Deiter*, 307 F. App'x 604 (3d Cir. 2008) (quoting *Jones v. Beard*, 145 F. App'x 743, 745 (3d Cir. 2005) (*per curiam*)). Here, Allam does not allege that he "told prison officials which other prisoners were making the threats," and for two of the above incidents, Allam also does not allege that he told prison officials why the other prisoners in question were making these threats. *Knox v. Doe*, 487 F. App'x 725, 728 (3d Cir. 2012). Without these kinds of allegations, we find that Allam has not alleged that prison officials "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Allam, therefore, has not alleged that prison officials were deliberately indifferent to alleged substantial risks to his health and safety.

### 4. Allam may amend his complaint.

For the above reasons, we find that Allam's complaint fails to state a claim upon which relief can be granted. But before dismissing a complaint under a screening provision, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State*

*Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).   Here, in light of the liberal-amendment standard, we will grant Allam an opportunity to correct the deficiencies noted above.   Thus, the court will grant Allam leave to file an amended complaint.

We note that, per his letter of June 19, 2020, Allam is seeking to add another defendant to this action.   *Doc. 8*.   Along with correcting the above deficiencies, Allam may use an amended complaint to add another defendant, if he chooses to do so.

### III. Order.

Based on the foregoing, **IT IS ORDERED** that Allam is **GRANTED** leave to file an amended complaint within 28 days of the date of this Order.[1]

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

[1] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case.  Fed. R. Civ. P. 10(a).  Allam "is advised that any amended complaint must be complete in all respects."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*.  "Also in general, an amended pleading—like [any] amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity."  *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017).  In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case.  Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)-(3).  Further, "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  *Id*.  Any amended complaint must also comply with Fed. R. Civ. P. 20.