# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW ALLAM, SR., | No. 1:20-CV-00933 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Magistrate Judge Schwab) |
| SUPERINTENDENT MCGINLEY, SCI-COAL TOWNSHIP SECURITY, JOHN WETZEL, C.O. III DRUCIS, C.O. III NEITZ, C.O. II COHOON, *and* C.O. II GORDNER, | |
| Defendants. | |

## ORDER

**MARCH 31, 2022**

Plaintiff Andrew Allam, Sr. filed the instant action on June 9, 2020, and it was jointly assigned to the undersigned and to Magistrate Judge Susan E. Schwab. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2]

On February 25, 2022, Magistrate Judge Schwab issued a thorough report and recommendation recommending that the Court grant in part and deny in part

---

[1]  28 U.S.C. 636(b)(1)(B).
[2]  28 U.S.C. 636(b)(1).

the Defendants' motion to dismiss.³ Specifically, Magistrate Judge Schwab noted that Defendants Cohoon, Drucis, Gordner, and Neitz—corrections officers at State Correctional Institution Coal Township ("SCI-Coal Township")—"do not have the authority to provide Allam with the relief he seeks," and therefore recommended their dismissal from the case "as they are not proper official-capacity defendants for Allam's Eighth Amendment claim."⁴ Similarly, Magistrate Judge Schwab recommended the dismissal of Defendant SCI-Coal Township Security Office because as an office within a prison, it "is not an entity subject to suit under 42 U.S.C. § 1983."⁵

Conversely, Magistrate Judge Schwab concluded that Defendants Little (the Acting Secretary of the Pennsylvania Department of Corrections)⁶ and McGinley (the Superintendent of SCI-Coal Township) should not be dismissed from the suit and that Allam's Eighth Amendment claim against them should proceed. Magistrate Judge Schwab noted that Defendants Little and McGinley, "by virtue of their positions, do potentially possess the authority to provide Allam with the relief he seeks."⁷ Further, Magistrate Judge Schwab analyzed the allegations in Allam's

---

3   Doc. 37 (citing Doc. 27).
4   *Id*. at 12–13.
5   *Id*. at 12 n.2.
6   Magistrate Judge Schwab noted that the Amended Complaint names as a defendant John Wetzel, who was the Secretary of the Pennsylvania Department of Corrections at the date of filing. *Id*. at 2 n.1. Because George Little "is now the Acting Secretary of the Pennsylvania Department of Corrections," Magistrate Judge Schwab "recommend[ed] that Little be substituted for Wetzel as a defendant in this action." *Id*. (citing Fed. R. Civ. P. 25(d)).
7   *Id*. at 13 (citing *Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014)).

complaint and "conclude[d] that he has sufficiently alleged that McGinley and the staff at [SCI-Coal Township] knew that his safety was at risk"; because they "knew of the risk of harm" but allowed Allam to "remain[] vulnerable to such a risk," Magistrate Judge Schwab found that Allam "has alleged enough to claim that McGinley and the staff at [SCI-Coal Township] knowingly and unreasonably disregarded a substantial risk of harm."[8] Importantly, Magistrate Judge Schwab considered the Defendants' arguments that "Allam fails to allege that he has ever been assaulted and that Allam is routinely moved to different cells as a means of avoiding assaults," and found these arguments unavailing.[9]

The Defendants filed timely objections to the report and recommendation on March 11, 2022, asking the Court to grant the Defendants' motion to dismiss in its entirety.[10] Specifically, the Defendants raised two objections: (1) Allam's allegations are "stale, generalized, and do not establish a concrete risk of harm sufficient to warrant injunctive relief"[11]; and (2) Magistrate Judge Schwab's recommendation "regarding the past conduct of DOC 'staff'" constitutes an impermissible "advisory opinion."[12]

---

[8] *Id*. at 19.
[9] *Id*. at 19–20 (finding that Allam's failure "to allege that physical harm has occurred . . . does not preclude him from seeking injunctive relief to prevent such an assault from occurring in the future," and, similarly, the prior cell transfers do not foreclose relief because "[w]hat is most relevant here is whether Allam's current cell placement places him at a substantial risk of harm and whether the staff at [SCI-Coal Township] was aware of that risk and was deliberately indifferent to it").
[10] Doc. 39; Doc. 40.
[11] Doc. 40 at 6.
[12] *Id*. at 10–11.

The United States Court of Appeals for the Third Circuit instructs that "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[13] Portions of a report and recommendation to which no objections are filed are reviewed only for clear error.[14] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[15]

Because the Court writes solely for the parties, it will not restate the facts, but will instead adopt the recitation of facts as set forth by Magistrate Judge Schwab.[16] The Court has conducted a de novo review and found no error. Magistrate Judge Schwab considered the Defendants' argument that Allam's allegations were stale and generalized, and properly concluded that Allam presented factual assertions sufficiently detailed and specific to sustain his Eighth Amendment claim.[17] Further, Magistrate Judge Schwab's finding that "the staff at [SCI-Coal Township] knowingly and unreasonably disregarded a substantial risk

---

[13] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[14] Fed. R. Civ. P. 72(b), advisory committee notes; *see also Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) (noting that district courts need not conduct *de novo* review of portions of recommendation to which no party files specific objections).
[15] *See* 28 U.S.C. § 636(b)(1); Local Rule 72.31; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).
[16] *See* Doc. 37 at 2–6.
[17] *See id*. at 13–20.

of harm" is not an advisory opinion; rather, Magistrate Judge Schwab appropriately considered this past conduct as evidence that the SCI-Coal Township staff "have been deliberately indifferent to a substantial risk to the inmate's health and safety"—a requirement for sustaining an Eighth Amendment failure-to-protect claim.[18]

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Schwab's February 25, 2022 Report and Recommendation (Doc. 37) is **ADOPTED** in full;

2. George Little, the Acting Secretary of the Pennsylvania Department of Corrections, is substituted for Defendant Wetzel as a defendant in this case; and

3. The Defendants' motion to dismiss (Doc. 27) is **GRANTED IN PART, DENIED IN PART**: the motion is granted as it relates to Defendants Cohoon, Drucis, Gordner, Neitz, and SCI-Coal Township Security Office; the motion is denied as it relates to Defendants Little and McGinley.

---

[18] *Id.* at 14, 16 (citing *Bristrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds*, *Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020)).

4. This case is referred back to Magistrate Judge Schwab for further proceedings.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
