IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW ALLAM, SR., | No. 1:20-CV-00933 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Magistrate Judge Schwab) |
| SUPERINTENDENT MCGINLEY and GEORGE LITTLE, | |
| Defendants. | |

## ORDER

**MARCH 31, 2022**

Plaintiff Andrew Allam, Sr. filed the instant action on June 9, 2020, and it was jointly assigned to the undersigned and to Magistrate Judge Susan E. Schwab. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2]

On February 25, 2022 Magistrate Judge Schwab issued a thorough report and recommendation recommending that the Court deny Allam's motion for a preliminary injunction.[3]

---

[1] 28 U.S.C. 636(b)(1)(B).
[2] 28 U.S.C. 636(b)(1).
[3] Doc. 38 (citing Doc. 34).

No objections to the report and recommendation have been filed. When no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[4] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the findings or recommendations made by the magistrate judge.[5]

Because the Court writes solely for the parties, it will not restate the facts, but will instead adopt the recitation of facts as set forth by Magistrate Judge Schwab.[6] The Court has conducted a de novo review here and found no error.

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Schwab's Report and Recommendation (Doc. 38) is **ADOPTED** in full; and

2. Allam's motion for a preliminary injunction (Doc. 34) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[4] Fed. R. Civ. P. 72(b), advisory committee notes; *see also Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) (noting that district courts need not conduct *de novo* review of portions of recommendation to which no party files specific objections).

[5] *See* 28 U.S.C. § 636(b)(1); Local Rule 72.31; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

[6] *See* Doc. 38 at 1–3.